## Commonwealth v. Baginski, Appellant.

*Criminal law—Murder—Insanity acquittal—Parole—Discretion of court—Act of May 11, 1911, P. L. 273.*

Under the provisions of the Act of May 11, 1911, P. L. 273, the release on parole of a defendant, acquitted of the charge of murder on the ground of insanity, is within the discretion of the trial judge. The discretionary power granted by the act is broad. Both the rights of the prisoner and the welfare of society must be considered. The judge who tried the prisoner is in a much better position to pass upon the question before him. If, with the knowledge of the prisoner obtained at the trial and by subsequent examination the court below deems it inadvisable to release the prisoner, the appellate court will not interfere unless the abuse of discretion is very clear.

It is no abuse of discretion to refuse a parole to a person who has been acquitted of the charge of murder on the ground of· insanity, when all the evidence is to the effect that the defendant was sane at the time of the homicide, and that there has been no change in his mental condition.

Argued December 8, 1924. Appeal, No. 149, April T., 1925, by defendant, from decree of O. T. Westmoreland Co., Aug. T., 1924, No. 32, refusing petition for parole in the case of Commonwealth of Pennsylvania v. Mac‑low Baginski. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for parole under provisions of the Act of May 11, 1911, P. L. 273. Before WHITTEN, J.

The facts are stated in the opinion of the Superior Court.

The court refused the petition. Defendant appealed.

*Error assigned* was the decree of the court.

*James Gregg,* and with him *Curtis H. Gregg* and *Philip K. Shaner,* for appellant, cited: Com. v. De-

Arguments—Opinion of the Court. [85 Pa. Superior Ct.
Marzo, 223 Pa. 573; Com. v. Hallowell, 223 Pa. 494;
Com. v. Wireback, 190 Pa. 138; Com. ex rel. Emma
Bickel, 15 W. N. C. 515.

*J. Edgar Murdock,* Assistant District Attorney, and
with him *Nevin A. Cort,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

This case presents a remarkable state of facts. The
appellant was tried in a court of oyer and terminer on
an indictment charging him with murder. On September 11, 1924, the jury acquitted him on the ground of
insanity at the time of the killing. On September 22,
1924, he filed a petition for his release on parole, setting
forth that at the time of the filing of the petition he
was of sound mind, memory and discretion. The court
granted a rule on the district attorney to show cause
why the petitioner should not be released under the provisions of the Act of May 11, 1911, P. L. 273, and its
supplements, and after hearing ordered him to be committed to the Hospital for the Criminal Insane at Fairview, Pennsylvania, there to be kept in strict custody and
control at the expense of the county so long as he shall
continue to be of unsound mind and until the further
order of the court. This appeal is from that order.

It appears from the opinion of the court below that
the uncontradicted evidence at the trial proved that the
defendant committed a brutal, wicked and cowardly murder. He shot his wife three times. After the first shot,
the deceased ran from the house and fell on the sidewalk.
The defendant approached and fired two additional shots
into her body, replaced the gun in his pocket and walked
up the street. He admitted the firing of one shot, but
claimed that he did it in self-defense. He stated that he
had no recollection of firing the second and third shots.
At the hearing on the petition to be paroled four eminent
physicians, who had examined the defendant before the
trial and again before the hearing upon the present appli-

cation, testified that they saw no traces of insanity in the defendant at any time, that in their opinion he was sane when he shot his wife, at the time of the trial, and at the time of the last hearing. There was no proof that there had been any change in his mental condition since he committed the homicide. The learned judge was confronted with this situation. The verdict of the jury had established the fact that the defendant was insane at the time he shot his wife. All of the testimony at the hearing on the application for parole was to the effect that he was sane at the time of the homicide and that there had been no change in his mental condition. Was it an abuse of discretion in the circumstances to accept the verdict as conclusive of the mental status of the defendant in the absence of proof of a substantial change therein and to commit him under the provisions of the Act of March 31, 1860, P. L. 445, par. 66, relating to persons acquitted of a criminal offense on the ground of insanity at the time of its commission? The verdict served his purpose at a time of great danger by protecting him from the penalty of murder. In the language of Judge MITCHELL, (later Chief Justice) when sitting in the Oyer and Terminer of Philadelphia County, it also protects society from the danger of his presence until there shall be evidence of a substantial change in his condition: Com. ex rel. Bickel v. Bennet, 15 W. N. C. 515. We agree with Judge WHITTEN that it would be a reproach to our law and to its administration to have permitted the verdict of the jury to be set aside at the time and in the manner attempted.

The Act of May 11, 1911, P. L. 273, permitting the release on parole of persons acquitted on the ground of insanity and regulating such releasing did not require the court below to parole the prisoner. Section 1 of that act provides that a person who has been acquitted of a criminal charge on the ground of insanity may be released from custody on parole by the court in which he was acquitted. Section 2 provides that before the court

Opinion of the Court.    [85 Pa. Superior Ct.

shall release such person "it shall ascertain, in such manner as it may direct, whether it shall be advisable that such person be so released on parole." By the terms of the act the question of the release of the prisoner on parole is wholly within the discretionary power of the court wherein he was tried. The discretionary power granted by the act is broad. Both the rights of the prisoner and the welfare of society must be considered. The judge who tried the prisoner was in a much better position than we are to pass upon the question before him. If, with the knowledge of the prisoner obtained at the trial and by subsequent examination the court below deems it inadvisable to release the prisoner, we will not interfere unless the abuse of discretion is very clear. On this record we are satisfied that there was no abuse of discretion in refusing the parole. The Act of March 31, 1860, cited, is sufficient warrant for the commitment.

The order is affirmed.