## Commonwealth v. Ward.

John Monaghan, District Attorney, and Charles F. Kelley, Assistant District Attorney, for Commonwealth.

Samuel N. Carpenter and Michael Saxe, for defendant.

HEILIGMAN, J., March 6, 1931. — Vernon R. Ward, the defendant in the above-entitled case, was accused of the murder of his mother, but at a hearing before Quigley, J., specially presiding, and a jury, on March 15, 1923, Seymour De Witt Ludlum and Horace Phillips both reported that the defendant was then insane. Accordingly, he was sent to the Farview State Hospital, at Waymart, Pennsylvania, where he remained until he was discharged as cured in 1930. On November 13, 1930, the defendant was tried for the murder before Heiligman, J., and a jury, and was acquitted on the ground that he was insane at the time of the commission of the offense. It appeared at the trial that the defendant on February 7, 1923, killed his mother by striking her many times on the head with an ax, she having died almost instantly as a result thereof. It appeared from the evidence that a few months prior to the commission of the offense, which occurred on February 7, 1923, the defendant attempted to commit suicide by jumping from a mast of the ship, striking the deck of the vessel upon which he was engaged as a sailor. In this attempt he was unsuccessful, although he was very severely injured. It was shown conclusively at the trial that for a long time prior to February 7, 1923, the defendant had indulged excessively in the use of alcoholic liquor. At the conclusion of the trial the trial judge committed the defendant to the Philadel-

phia County Prison for further observation. There he has been examined by Doctor Ludlum again and by Dr. Charles W. Burr, another eminent alienist. The two doctors concur in the opinion that "Vernon R. Ward, who has passed through a period of insanity, is now sane; but is one of those individuals who is potentially insane in that if he should be given his liberty and should drink alcohol, his mind would again become insane."

By letter dated December 20, 1930, addressed to the court, the defendant requested that he be released from prison, and the question here presented is whether or not the court must accede to this request.

Two statutes control the action of the court in the premises. The first is the Act of March 31, 1860, P. L. 427, section 66. This act serves as sufficient warrant for the commitment of one who has been acquitted of a criminal offense on the ground of insanity at the time of its commission: Com. v. Baginski, 85 Pa. Superior Ct. 47, 50; Com. v. Winter, 289 Pa. 284, 296. The other statute is the Act of May 11, 1911, P. L. 273, which permits, after such commitment as has been ordered herein, the release on parole of the person committed.

The Acts of April 20, 1869, P. L. 78, and March 19, 1903, P. L. 29, which deal with and regulate the "unconditional discharge" of prisoners who have been confined in an institution for the insane for a period of three months, after an acquittal on the ground of insanity, are not applicable, as defendant has not been in an institution for the insane since his trial on November 13, 1930.

Com. v. Baginski, supra, is the most recent case construing the Act of 1911, and it is said there that the act does not require the release of the prisoner, but leaves the question of the release of the prisoner on parole wholly within the discretionary power of the court wherein he was tried.

The Baginski case itself is an example of what circumstances warrant a refusal to release on parole. The prisoner had been examined by experts in mental diseases prior to his trial and again prior to the hearing on the petition for parole, and their report was that the prisoner had never been insane. The jury, however, had found him to be insane at the time of the commission of the crime. The upper court held that under the circumstances it was not an abuse of the trial court's discretion to refuse the parole, because the verdict of the jury was sufficiently conclusive of the mental status of the prisoner to warrant further commitment in the absence of proof of a substantial change in the mental status of the prisoner since the homicide.

In the case at bar, not only is there a verdict of insanity at the time of commission of the crime, but there is affirmative proof by experts that the prisoner was insane at that time. Since that time the authorities at Farview have discharged the defendant as cured, but the latest reports of Doctors Ludlum and Burr, mentioned above, is that defendant is potentially insane and will be rendered so upon imbibing alcoholic liquors. We are convinced by this latter report that there has been no change in the mental condition of defendant sufficiently substantial to justify his parole at the present time.

Accordingly, in view of the knowledge of the defendant obtained from the examination by experts, we deem it inadvisable to release the defendant on parole and order that defendant, the said Vernon R. Ward, be returned to the Farview State Hospital for continued observation.

## Order.

And now, to wit, March 6, 1931, the report of two qualified physicians having been received by the court, the same is hereby approved, and the court

finds that Vernon R. Ward, the above-named prisoner, is potentially insane and that he is of criminal tendency. Accordingly, the court directs the said Vernon R. Ward be committed to the Farview State Hospital to be there detained and treated as an insane person at the expense of the County of Philadelphia until the further order of the court; and this shall be sufficient warrant for said commitment. And it is further ordered that the said county pay the costs of this proceeding, including the expense of removing the said prisoner to the said hospital and all maintenance charges.